IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CHRISTI VARNEY, <br><br> Plaintiff, <br><br> vs. <br><br> TARGET CORPORATION, <br><br> Defendant. | ORDER <br><br> AND <br><br> MEMORANDUM DECISION <br><br> Case No. 1:15-CV-64-TC |

Defendant Target Corporation removed this case from state court in April 2015 on the basis of diversity jurisdiction. (See Def.'s Notice of Removal at 2, Docket No. 2.) Now Plaintiff Christi Varney requests permission to voluntarily dismiss her case without prejudice under Federal Rule of Civil Procedure 41(a)(2) because she has discovered "additional parties who will strip this court of jurisdiction." (Pl.'s Mot. Dismiss Without Prejudice at 1, Docket No. 17.) Under Federal Rule of Civil Procedure 41(a)(2), after an answer or motion for summary judgment has been filed in response to the plaintiff's complaint, and without the defendant's stipulation, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[1]

Target opposes the motion. First, it disagrees with Ms. Varney's choice to file a motion under Rule 41(a)(2). Viewing the motion as procedurally flawed, Target asserts that "[i]f

---

[1] Because Target has filed an answer and does not stipulate to dismissal without prejudice, Ms. Varney may not dismiss her case under Rule 41(a)(1), which allows dismissal without a court order.

plaintiff believes that claims against non-diverse parties are warranted, then the proper procedure would be for the plaintiff to move to amend her complaint, and submit the proposed amended complaint for Target's and the Court's scrutiny." (Id. at 2.) To support its argument, Target cites to Osgood v. Discount Auto Parts, LLC, 955 F. Supp. 2d 1352 (S.D. Fla. 2013). But Osgood is not helpful because its procedural posture is altogether different. The Osgood court analyzed a motion for joinder under Federal Rule of Civil Procedure 15, not a motion under Rule 41(a)(2). See id. at 1354. Target does not cite to any case law supporting its position that Ms. Varney is limited to filing a motion to amend her complaint.

Second, Target argues that dismissal should not be allowed because the motion, consisting of one sentence, insufficiently explains the need for dismissal. (See Def.'s Opp'n to Mot. Dismiss, Docket No. 18.) Ms. Varney simply says, "This Motion is based upon discovery of additional parties who will strip this court of [diversity] jurisdiction under 28 U.S.C. § 1332." (Mot. Dismiss Without Prejudice at 1, Docket No. 17.) Target contends that Ms. Varney must disclose "the new parties' identities and the factual basis for plaintiff's alleged claims against them" so that Target and the court have a meaningful opportunity to evaluate the circumstances and the basis for Ms. Varney's motion to dismiss. (See Opp'n at 2-3.) Again, Target does not cite to any case law supporting its assertion that Ms. Varney must provide more information to the court or that the court's analysis must address the question of whether the additional parties may be joined in this suit.

"Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal" under Rule 41(a)(2). Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). Unless dismissal of Ms. Varney's complaint would result in "legal prejudice" to Target, the court

will grant her request.

To determine whether dismissal would result in legal prejudice to Target, the court will consider a series of non-exclusive factors articulated by the Tenth Circuit Court of Appeals. Although "[t]he parameters of what constitutes 'legal prejudice' are not entirely clear," the court should consider relevant factors such as: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." Id. at 1537 (quotation marks and citation omitted).

Under the circumstances, the court finds that Target will not be legally prejudiced by dismissal of Ms. Varney's complaint. First, no substantial discovery has occurred. Although this case was filed in April 2015, the case management order was not filed until October 2015, and Target served its first set of discovery on January 19, 2016, only nine days before Target filed its opposition to Ms. Varney's motion to dismiss. In addition, nothing in the record suggests that Target has incurred considerable expense. Second, nothing in the record suggests excessive delay or lack of diligence on Ms. Varney's part. Third, Ms. Varney sufficiently explained why she wishes to dismiss her complaint.[2] Although Target asserts that Ms. Varney must disclose the names of the non-diverse parties and the claims Ms. Varney anticipates filing against those potential parties, Target does not cite to any case suggesting that Ms. Varney must be that specific. Fourth, this case is relatively new. The case management order was entered in October 2015, very little discovery has been conducted since then, and no dispositive motions have been

---

[2] The court takes the word of her attorneys, who drafted and signed the papers as officers of the court.

filed.

Courts in other jurisdictions have approved a plaintiff's Rule 41(a)(2) motion to voluntarily dismiss the case without prejudice when joinder of a party would destroy diversity jurisdiction. In Conafay v. Wyeth Laboratories, 841 F.2d 417 (D.C. Cir. 1988), the plaintiff requested permission to voluntarily dismiss the complaint without prejudice after determining that joinder of a party would destroy diversity jurisdiction. The appellate court held that, under the circumstances, the district court abused its discretion when it denied the motion for voluntary dismissal. The appellate court cited to the following circumstances supporting its decision: the case was less than nine months old, no extensive discovery or trial preparations had taken place, no dispositive motions had been filed, and, most importantly, there would be "no cognizable prejudice to [the defendant] from voluntarily dismissing this case." Id. at 421.

In Der v. E.I. DuPont De Nemours & Company, 142 F.R.D. 344 (M.D. Fla. 1991), the court granted the plaintiff's motion to dismiss without prejudice so that plaintiffs had an opportunity to join a non-diverse distributor and maintain their products liability action in state court. The court rejected the defendant's argument that the voluntary dismissal was nothing more than an attempt to defeat diversity jurisdiction. Noting that no evidence supported that conclusion, the court commented that even if dismissal would give the plaintiffs a "tactical advantage," such an advantage "is no bar to a voluntary dismissal." Id. at 346. In Der, the parties had not conducted discovery or even answered the court's standard interrogatories, and no trial date was set. Id. What limited costs the defendants had expended would be recouped when, and if, the plaintiffs re-filed, because the court imposed a requirement that plaintiffs "make use of any discovery and legal arguments it could have presented to this court." Id. at 346.

In <u>Johnson v. Pharmacia & Upjohn Company</u>, 192 F.R.D. 226 (W.D. Mich. 1999), the case had been removed to federal court on the basis of diversity jurisdiction.  The court granted a Rule 41(a)(2) motion to dismiss even after it previously denied the plaintiff's motion to amend the complaint and remand to state court based on its conclusion that the plaintiff "sought to amend solely for the purpose of destroying diversity[.]"  <u>Id.</u> at 227.  The court agreed with the defendant "that the obvious reason [plaintiff] seeks a voluntary dismissal is to defeat federal jurisdiction" created by the defendant's removal from state court.  Nevertheless, the court agreed with "the overwhelming majority of cases that have considered the issue [and] have held that the fact that a voluntary dismissal will destroy federal jurisdiction is insufficient to constitute prejudice to a defendant."  <u>Id.</u> at 228 (citing, among other cases, <u>Der</u>, 142 F.R.D. at 346).  "[L]oss of a chosen forum does not amount to 'plain legal prejudice.'"  <u>Id.</u> at 229.[3]

As the courts in <u>Conafay</u>, <u>Der</u>, and <u>Johnson</u> did, this court finds that Ms. Varney's request for dismissal at this early stage of the case is appropriate.

Rule 41(a)(2) allows dismissal "on terms that the court considers proper."  To that end, the court may also consider whether "curative conditions" are necessary to insure substantial justice to both parties.  <u>Brown v. Baeke</u>, 413 F.3d 1121, 1123-24 (10th Cir. 2005).  Here, it appears that the loss to Target is relatively minimal.  The majority of what has occurred in this litigation (essentially discovery) will transfer well to any state court litigation Ms. Varney files.  And although Target incurred removal fees, it voluntarily chose to remove the case and,

---

[3]The <u>Johnson</u> court, exercising its discretion, awarded fees to the defendant, including fees incurred to remove the case, to respond to a motion to amend and join parties, and to respond to the motion dismiss.  But this court does not find such an award necessary.  Unlike the circumstances in <u>Johnson</u>, nothing in the record here indicates that Ms. Varney filed her motion purely to avoid federal court jurisdiction.

accordingly, to incur those fees.  The court will not transfer that cost to Ms. Varney.

For the foregoing reasons, Ms. Varney's Motion to Dismiss Without Prejudice (Docket No. 17) is GRANTED.

SO ORDERED this 11th day of April, 2016.

                                              BY THE COURT:

                                              TENA CAMPBELL
                                              U.S. District Court Judge